IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00CV70-1-MU

| | |
|---|---|
| SHERROD HUNTER, | ) |
| Petitioner, | ) |
| v. | ) **O R D E R** |
| R.C. LEE, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Respondent's Answer and Motion for Summary Judgment, filed on August 24, 2000. Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be <u>granted</u> and Petitioner's §2254 petition for writ of habeas corpus should be <u>dismissed</u>.

## **PROCEDURAL HISTORY**

On May 23, 1994, Petitioner was indicted for first-degree kidnaping, along with several other offenses, arising from the robbery of a drive-in restaurant in Charlotte, North Carolina. At trial three of Petitioner's accomplices testified against him. Petitioner did not present any evidence in his own defense. On August 26, 1996, Petitioner was convicted by jury in Mecklenburg County Superior Court of armed robbery, assault with a deadly weapon inflicting serious injury, breaking and entering, second-degree kidnaping, and possession of firearms by a felon. Judge William H. Helms sentenced Petitioner to consecutive terms of 40 years, 10 years, 10 years, 30 years, and 5 years for these offenses, for a total of 95 years.

Petitioner directly appealed his sentences and convictions to the North Carolina Court of Appeals. On June 16, 1998, the court of appeals issued an unpublished opinion finding no error in Petitioner's cases except the handgun charge which was remanded for re-sentencing.[1] Petitioner filed a Petition for Discretionary Review and Notice of Appeal with the North Carolina Supreme Court on July 16, 1998. The North Carolina Supreme Court denied the petition on November 5, 1998.

On June 17, 1999, Petitioner, through counsel, filed a Motion for Appropriate Relief (MAR) in the Superior Court of Mecklenburg County. In his MAR Petitioner argued that he received ineffective assistance of trial and appellate counsel due to his attorneys' failure to contest a variance between his kidnaping indictment and the kidnaping jury instructions. On October 7, 1999, the Superior Court summarily denied Petitioner's MAR for failing to state a claim upon which relief could be granted. On October 29, 1999, the North Carolina Court of Appeals denied Petitioner's Petition for a Writ of Certiorari.

On February 16, 2000, through counsel, Petitioner filed the instant federal habeas petition. In this action, Petitioner challenges only his 30 year sentence for the second-degree kidnaping conviction. More specifically, Petitioner alleges that: 1) his conviction for armed robbery and second-degree kidnaping violates double jeopardy; 2) his conviction for kidnaping by removal where the indictment charged kidnaping by restraint constituted a constructive amendment of the indictment in violation of due process; and 3) he was denied effective assistance of trial and appellate counsel when they failed to raise the constructive indictment

---

[1] After his direct appeal, Petitioner was re-sentenced to the presumptive term of 2 years for the firearm possession charge because an improper aggravating factor was used. As a result, his total sentence is now 92 years.

issue.

## SUMMARY OF FACTS

On March 19, 1994, Petitioner and six other individuals left a party with the intention of robbing South 21 Restaurant ("restaurant"). When they arrived at the restaurant, they parked behind an adjacent business. (Tr. Trans. p. 180). Petitioner and two of the individuals armed themselves with guns which they took from the trunk of their car. (Tr. Trans. pp. 241-42). Three of the individuals waited in the car while the other four, including Petitioner, went into the woods between the parking lot and the restaurant. (Tr. Trans. pp. 244-45; 291-99). From this vantage point, they observed Nicholas Copsis ("Copsis") cleaning outside the building. When he walked toward a side entrance, they accosted him and struck Copsis on the head with his gun, grabbed him, and dragged him inside the restaurant. (Tr. Trans. pp. 54-55; 291-92). Chris Poulos, another employee, was then grabbed and forced to the floor. (Tr, Trans. pp. 93-94). Tom Koufaliotis, another employee was also forced to the floor and his hands were duct taped. (Tr. Trans. pp. 115-16; 292-96).

After the robbers entered the restaurant and forced everyone to the floor, one of them unsuccessfully tried to open the cash register. (Tr. Trans. p. 96). That person then shouted to get someone over there who could open the cash register. (Tr. Trans. p. 96). Copsis was dragged over to the cash register and then to the safe. (Tr. Trans. p. 97). When Copsis did not open the safe quickly enough, Petitioner shot him once in each leg. (Tr. Trans. pp. 184, 201, 297-99). After Copsis successfully opened the safe, the four robbers fled the restaurant with $ 2,000 in cash.

# APPLICABLE LAW

A. **Standard of Review Under 28 U. S. C. § 2254**

   A. **APPLICABLE LAW**

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[2] a federal court reviews questions of law and mixed questions of law and fact de

---

[2] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th

novo.  Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree."  Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999).  The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002).  This deference extends to summary dismissals.  See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch.  An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing.  Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court

---

Cir.), cert. denied, 523 U.S. 371 (1998).

merely made an incorrect or erroneous application of the correct federal principles.  Id.

## PETITIONER'S CLAIMS

### A. DOUBLE JEOPARDY

Petitioner argues that because Copsis' removal from outside the restaurant to inside the restaurant was an inherent part of the robbery, his convictions for both armed robbery and second-degree kidnaping violated his double jeopardy rights.

This precise claim was presented by Petitioner to the North Carolina Court of Appeals when he directly appealed his sentence and conviction.  Consequently, the standard of review set forth in § 2254(d) applies to this claim.  Therefore, relief may not be granted unless the North Carolina Court of Appeals adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d).

After setting forth the elements of second-degree kidnaping under North Carolina law, the North Carolina Court of Appeals recognized that certain felonies cannot be committed without some restraint of the victim and that restraint which is an inherent, inevitable feature of the other felony may not be used to convict a defendant of kidnaping.  The court acknowledged that the key question is whether the kidnaping charge was supported by evidence from which a jury could reasonably find that the necessary restraint for kidnaping exposed the victim to greater danger than that inherent in the armed robbery itself.  The North Carolina Court of Appeals then stated:

> The evidence in this case tended to show that the perpetrators of
> the robbery, including defendant, accosted Copsis in the parking lot

> outside the restaurant, hit him in the head with the butt of a gun, grabbed him, and dragged him inside the restaurant. While inside the restaurant, Copsis was forced to the floor and, then, dragged over to the safe and ordered to open it. Copsis had trouble unlocking the safe quickly so he was, again, struck in the head with a gun, and defendant shot him in both legs. Indeed, the robbery could have been accomplished without inflicting these injuries on Copsis. These acts of restraint were not inherent, inevitable parts of the robbery, and they increased Copsis' helplessness, "exposing him to greater danger than that inherent in the armed robbery itself." Id. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss and in submitting the charge of second-degree kidnaping to the jury.

In Blockburger v. United States, 284 U.S. 299 (1932), the United States Supreme Court set forth the same elements test for determining if a Double Jeopardy violation has occurred. More specifically, the Supreme Court held that where each offense contains an element not required by the other no double jeopardy problems exist. Blockburger, 284 U.S. at 304. In Dixon the Supreme Court reaffirmed the same elements test set forth in Blockburger and rejected a prior holding that double jeopardy bars prosecution for a crime based on the same conduct for which the defendant has already been convicted. United States v. Dixon, 509 U.S. 688, 704 (1993).

In the instant case, a different essential factual element supported each crime. That is, for the kidnaping charge the prosecution proved that the victim was removed from outside the restaurant to inside the restaurant. For the robbery charge the prosecution proved that the victim was removed from the floor to the safe and cash register. Because different factual elements were involved no double jeopardy violation occurred.

Petitioner has failed to establish that the court of appeal's ruling was contrary to or involved an unreasonable application of clearly established law as set forth by the United States

Supreme Court. Or that is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

**B. CONSTRUCTIVE AMENDMENT**

Petitioner alleges that his due process rights were violated when he was charged with kidnaping by restraint and convicted of kidnaping by removal.

The kidnaping indictment relating to Nicholas Copsis refers to Petitioner unlawfully restraining Nicholas Copsis. The trial court instructed the jury that to find Petitioner guilty of second-degree kidnaping the State must have proved beyond a reasonable doubt that Petitioner unlawfully removed Nicholas Copsis. After some deliberation the jury returned to ask about the fourth element of kidnaping, and the trial court instructed the jury that there had to be removal from one place to another that was separate and apart from the robbery.

The jury found Petitioner guilty of second-degree kidnaping with regard to Nicholas Copsis. The jury could not reach a verdict on the kidnaping charges against Petitioner with regard to the other two employees and the court declared a mistrial as to those two charges.

Petitioner did not present this argument on direct appeal. Nor did he raise this precise issue in his MAR.[3] Consequently, this Court will review his claim de novo.

---

[3] Respondent asserts that Petitioner exhausted this claim and that the standard in § 2254(d) applies. However, a review of Petitioner's MAR brief reveals that he only raises his constructive amendment claim in the context of an ineffective assistance of counsel claim. As such, the MAR court did not adjudicate this substantive claim. As such, this claim is unexhausted. Nevertheless, this Court will exercise its ability to address this claim on the merits. 28 U.S.C. § 2254(b)(2).

The Court notes that if Petitioner returned to state court to exhaust his substantive constructive amendment claim it would be procedurally barred. N.C.G.S. § 15A-1419. However, this Court may not sua sponte dismiss an unexhausted, procedurally barred claim without providing notice to a petitioner. Consequently, this Court will proceed to the merits.

The Fourteenth Amendment[4] provides a state prisoner a due process right to be informed of the nature of the accusations against him. An alleged error or omission in a state trial court's jury instruction violates the constitution only if the error was so egregious that it rendered the entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Estelle v. McGuire, 502 U.S. 62, 66 (1991) see also Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985)("Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process.").

In the case at hand, this Court concludes that Petitioner had ample notice of the charge against him. He knew that the conduct at issue was the forcing of Mr. Copsis from outside the restaurant to inside the restaurant. Petitioner does not argue otherwise.[5] Consequently, this Court finds that the trial court's jury instruction did not violate Petitioner's due process rights. See Hartman v. Lee, 283 F.3d 190, 195 n.5 (4th Cir. 2002)(setting forth several cases where deficient indictments were held not to violate the constitution when the defendant received actual notice of the charges against him), cert. denied, 537 U.S. 1114 (2003).

Moreover, any error was harmless. See Brecht v. Abrahamson, 507 U.S. 619 (1993) (harmless error standard on federal habeas review requires trial error to have "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief). That is, the jury

---

[4] In federal cases a constructive amendment analysis falls under the Fifth Amendment. The Fifth Amendment guarantee of charge by indictment, however, does not extend to the states. See Brazenburg v. Hayes, 408 U.S. 665, 688 n.25 (1972).

[5] Petitioner summarily raised this issue citing no case law in his petition and did not even respond to Respondent's Motion for Summary Judgment on this issue. Petitioner has failed to carry his burden.

instructions at issue set a higher standard than the indictment. See State v. Fulcher, 34 N.C. App. 233 (1977)(holding "unlawful removal must involve unlawful restraint"). Moreover, the facts at issue were not contested. Consequently, this Court cannot conclude that the trial court's use of the word "removal" in the jury instructions had a substantial and injurious effect in determining the jury's verdict."

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Petitioner alleges that he received ineffective assistance of counsel when his trial counsel failed to object to the trial court's jury instructions which he alleges constructively amended his indictment. Petitioner also alleges that he received ineffective assistance of counsel when his appellate counsel failed to raise the constructive amendment issue on appeal.

Petitioner raised these issues at length in his MAR. Judge Fulton summarily denied Petitioner's MAR because "it fails to state a claim upon which relief can be granted." Petitioner also raised these issues in his Petition for a Writ of Certiorari which was also summarily denied.

When a state court provides no reasoning for its decision, the standard of review set forth in § 2254(d) still applies because the requisite adjudication occurred. See Mueller v. Angelone, 181 F.3d 557, 573 n.10 (4th Cir. 1999). Consequently, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Strickland v. Washington, 466 U.S. 668 (1984), is the controlling Supreme Court precedent for ineffective assistance of counsel claims. In Strickland the Supreme Court adopted

a two-prong test for determining whether assistance of counsel has been constitutionally adequate. These two prongs are sometimes referred to as the "performance" and "prejudice" prongs. Fields, 956 F.2d at 1297. The first prong relates to professional competence. In order to satisfy this prong, the petitioner must show that counsel's representation was deficient to the extent that it fell below an objective standard of reasonableness. Id. at 687-91. The Supreme Court made it clear that there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of Md, 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 113 S. Ct. 243 (1992).

To satisfy the second prong of the Strickland test, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Upon examining the record, this Court finds that even if the performance of Petitioner's counsel were deficient at trial and on appeal, Petitioner cannot establish that he was prejudiced by such deficient performance. That is, the uncontroverted evidence adduced at trial established that the victim was forced from the parking lot into the restaurant. Such evidence is sufficient to

establish that the victim was both restrained and removed. The Supreme Court of North Carolina has held " unlawful removal from one place to another must involve unlawful restraint." State v. Fulcher, 34 N.C. App. 233, 241-42 (1977). Consequently, in order to determine that the victim was removed the jury necessarily had to determine that he was restrained. Therefore, Petitioner was not prejudiced by the trial court's removal instruction.

Indeed in a case decided six months before a ruling was issued on Petitioner's appeal, the North Carolina Court of Appeals, citing Fulcher, ruled in a case where the indictment had charged kidnaping by restraint that "there was no error in the trial court's instruction that the defendant could be found guilty of first degree kidnaping as the evidence at trial supports conviction under both the removal and restraint theories of kidnaping." See State v. Raynor, 128 N.C. App. 244, 249 (1998); see also State v. Clinding, 92 N.C. App. 555, 561 (1989)(holding no prejudice where judge gave removal and confinement jury instruction when indictment alleged restraint when evidence of defendant's guilt was overwhelming).

North Carolina case law subsequent to the time period of Petitioner's appeal further supports this conclusion. The North Carolina courts have consistently found no plain error in cases where the evidence was not in conflict.[6] See State v. Gainey, 355 N.C. 73, 94-96 (2002)(no prejudice where judge gave erroneous restraint or removal instruction when indictment charged confinement when evidence was not highly conflicting and supported conclusion that victim was confined, restrained, and removed); State v. Lucas, 353 N.C. 568, 588-90 (2001)(no prejudice where judge gave erroneous instructions based upon removal when

---

[6] The Court notes that the state court cases that reach contrary results had evidence which was contested. See e.g., State v. Tucker, 317 N.C. 532 (1986); State v. Smith, 162 N.C. App. 46 (2004).

12

indictment charged confinement where evidence was compelling).

Based upon the above, this Court holds that Petitioner has failed to establish that the MAR court's ruling was contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Or that is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. **THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is GRANTED; and

2. Petitioner's Federal Habeas Petition is DISMISSED.

Signed: August 23, 2006

Graham C. Mullen
United States District Judge